UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CASTLE KEY INDEMNITY COMPANY, a/s/o EVELYN and TIMOTHY BALDON, | Civil Action No.: 6:18-cv-552-ORL-40-GJK |
| Plaintiff, | |
| v. | **DEFENDANT KING OF FANS, INC.'S AMENDED ANSWER TO DEFENDANT AIR VENT, INC.'S CROSSCLAIM** |
| AIR VENT, INC., POWERMAX ELECTRIC CO., LTD. and KING OF FANS, INC., | |
| Defendants. | |

COMES NOW, Defendant, King of Fans, Inc. ("King of Fans"), in the above-captioned action, and for its Amended Answer to Defendant Air Vent, Inc.'s ("Air Vent") Crossclaim states and alleges as follows:

**Answer**

1. King of Fans denies each and every allegation, statement, matter, and thing contained in Air Vent's Crossclaim, including matters contained within the headings or subheadings, except as expressly and specifically admitted, explained, alleged, qualified, stated, or otherwise answered.

2. The allegations, denials, and affirmative defenses contained in Air Vent's Answer to Plaintiff's Complaint do not state allegations to which a response from King of Fans is necessary, but, to the extent Air Vent stated allegations against King of Fans, those allegations are denied.

**Background**

3. King of Fans is without sufficient knowledge and/or information to either admit or deny the allegations in paragraphs 1-4, 6-8, 14-17, and 21, of the Crossclaim and King of Fans puts Air Vent to its strict burden of proof of the allegations contained therein. To the extent paragraphs 1-4, 6-8, 14-17, and 21 state allegations against King of Fans, those allegations are denied. The allegations in paragraphs 7 and 8 of the Crossclaim contain legal conclusions to which no responses are necessary and Air Vent is put to its strict burden of proving the legal conclusions set forth therein.

4. In response to the allegations in paragraph 5 of the Crossclaim, King of Fans admits that it is a Florida domestic corporation and maintains its principal place of business at 1951 NW 22nd Street, Ft. Lauderdale, Florida, but denies the remaining allegations in paragraph 5.

5. In response to paragraphs 9-13 of the Crossclaim, the Plaintiff's Amended Complaint speaks for itself and no response from King of Fans is required regarding the contents of the Amended Complaint. King of Fans puts Air Vent to the strict burden of proving any of its allegations regarding the Amended Complaint that are contrary to the contents of the Amended Complaint. Further, King of Fans incorporates into this Answer, as if stated herein, the allegations, denials, and affirmative defenses in King of Fans' Answer to the Amended Complaint. Attached hereto as Exhibit "A" is King of Fans' Answer to the Amended Complaint.

6. King of Fans denies the allegations in paragraph 18 that it manufactures motors for many manufacturers of air ventilation products. The balance of paragraph 18

concerns allegations against another party and no response from King of Fans is required to those allegations. To the extent that the remaining allegations in paragraph 18 include allegations against King of Fans, those allegations are denied.

7. King of Fans denies the allegations in paragraph 19.

8. King of Fans denies the allegations in paragraph 20 that it manufactured and designed the fan motor that is the subject of plaintiff's claims. The balance of paragraph 20 concerns allegations against another party and no response from King of Fans is required to those allegations. To the extent that the remaining allegations in paragraph 20 include allegations against King of Fans, those allegations are denied.

9. King of Fans denies the allegations against it in paragraph 22. The balance of paragraph 22 concerns allegations against another party and no response from King of Fans is required to those allegations. To the extent that the remaining allegations in paragraph 22 include allegations against King of Fans, those allegations are denied.

## Count I – Negligence Against Powermax Electric Co., Ltd.

10. In response to paragraph 23 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

11. The allegations in Count I, paragraphs 23-25, of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, the allegations contained in paragraphs 23-25 of the Crossclaim are directed to a party other than King of

Fans and therefore no responses are required. To the extent anything in paragraphs 23-25 could be construed as allegations against King of Fans, those allegations are denied.

### Count II – Strict Liability Against Powermax

12. In response to paragraph 26 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

13. The allegations in Count II, paragraphs 26-31, of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, the allegations contained in paragraphs 26-31 of the Crossclaim are directed to a party other than King of Fans and therefore no responses are required. To the extent anything in paragraphs 26-31 could be construed as allegations against King of Fans, those allegations are denied.

### Count III – Breach-of-Implied Warranties Against Powermax Electric Co., Ltd.

14. In response to paragraph 32 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

15. The allegations in Count III, paragraphs 32-38, of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, the allegations contained in paragraphs 32-38 of the Crossclaim are directed to a party other than King of Fans and therefore no responses are required. To the extent anything in paragraphs 32-38 could be construed as allegations against King of Fans, those allegations are denied.

### Count IV – Breach-of-Express Warranties Against Powermax Electric Co., Ltd.

16. In response to paragraph 39 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

17. The allegations in Count IV, paragraphs 39-48, of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, the allegations contained in paragraphs 39-48 of the Crossclaim are directed to a party other than King of Fans and therefore no responses are required. To the extent anything in paragraphs 39-48 could be construed as allegations against King of Fans, those allegations are denied.

### Count V – Common Law Indemnity Against Powermax Electric Co., Ltd.

18. In response to paragraph 49 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

19. The allegations in Count V, paragraphs 49-61, of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, the allegations contained in paragraphs 49-61 of the Crossclaim are directed to a party other than King of Fans and therefore no responses are required. To the extent anything in paragraphs 49-61 could be construed as allegations against King of Fans, those allegations are denied.

### Count VI – Contractual Indemnity Against Powermax Electric Co., Ltd.

20. In response to paragraph 62 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

21. The allegations in Count VI, paragraphs 62-77, of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, the allegations contained in paragraphs 62-77 of the Crossclaim are directed to a party other than King of Fans and therefore no responses are required. To the extent anything in paragraphs 62-77 could be construed as allegations against King of Fans, those allegations are denied.

### Count VII – Negligence Against King of Fans, Inc.

22. In response to paragraph 78 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

23. King of Fans denies Count VII and the allegations in Count VII, paragraphs 78-81, of the Crossclaim.

24. Further, the allegations in paragraphs 78-81 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein.

**Count VIII – Strict Liability Against King of Fans, Inc.**

25. In response to paragraph 82 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

26. King of Fans denies Count VIII and the allegations in Count VIII, paragraphs 82-87, of the Crossclaim.

27. Further, the allegations in paragraphs 82-87 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein.

**Count IX – Breach of Implied Warranties Against King of Fans, Inc.**

28. In response to paragraph 88 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

29. King of Fans denies Count IX and the allegations in Count IX, paragraphs 88-94, of the Crossclaim.

30. Further, the allegations in paragraphs 88-94 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein.

**Count X – Breach of Express Warranties Against King of Fans, Inc.**

31. In response to paragraph 95 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

32. King of Fans denies Count X and the allegations in Count X, paragraphs 95-104, of the Crossclaim.

33. Further, the allegations in paragraphs 95-104 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein.

**Count XI – Common Law Indemnity Against King of Fans, Inc.**

34. In response to paragraph 105 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

35. King of Fans denies Count XI and the allegations in Count XI, paragraphs 105-118, of the Crossclaim.

36. Further, the allegations in paragraphs 105-118 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein.

**Count XII – Contractual Indemnity Against King of Fans, Inc.**

37. In response to paragraph 119 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

38. King of Fans denies Count XII and the allegations in Count XII, paragraphs 119-135, of the Crossclaim.

39. King of Fans specifically states that Air Vent failed to attach the alleged contract and/or agreement to the Crossclaim and the Crossclaim is faulty without the alleged contract and/or agreement.

40. Further, the allegations in paragraphs 119-135 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein.

**Count XIII – Negligence Against King of Fans, Inc. and Powermax Electric Co., Ltd. (Joint-Venture)**

41. In response to paragraph 136 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

42. King of Fans denies Count XIII and the allegations in Count XIII, paragraphs 136-146, of the Crossclaim.

43. Further, the allegations in paragraphs 136-146 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, allegations contained in paragraphs 136-146 of the Crossclaim are directed to a party other than King of Fans and no response is required to those allegations. To the extent anything in paragraphs 136-146 could be construed as allegations against King of Fans, those allegations are denied.

### Count XIV – Negligence Against King of Fans, Inc.
### Vicarious Liability for the Negligence of Powermax Electric Co., Ltd.
### (Agency)

44. In response to paragraph 147 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

45. King of Fans denies Count XIV and the allegations in Count XIV, paragraphs 147-151, of the Crossclaim.

46. Further, the allegations in paragraphs 147-151 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict burden of proving the legal conclusions set forth therein. In addition, allegations contained in paragraphs 147-151 of the Crossclaim are directed to a party other than King of Fans and no response is required to those allegations. To the extent anything in paragraphs 147-151 could be construed as allegations against King of Fans, those allegations are denied.

### Count XV – Negligence Against King of Fans, Inc.
### Vicarious Liability for the Negligence of Powermax Electric Co., Ltd.
### (Apparent Agency)

47. In response to paragraph 152 of the Crossclaim, King of Fans restates, realleges, and incorporates by reference paragraphs 1-9 of its Answer to the Crossclaim as if fully set forth herein.

48. King of Fans denies Count XV and the allegations in Count XV, paragraphs 152-157, of the Crossclaim.

49. Further, the allegations in paragraphs 152-157 of the Crossclaim contain legal conclusions to which no responses are necessary and King of Fans puts Air Vent to its strict

burden of proving the legal conclusions set forth therein. In addition, allegations contained in paragraphs 152-157 of the Crossclaim are directed to a party other than King of Fans and no response is required to those allegations. To the extent anything in paragraphs 152-157 could be construed as allegations against King of Fans, those allegations are denied.

**<u>Affirmative and Other Defenses</u>**

50. King of Fans restates, realleges, and incorporates by reference Paragraphs 1-49 of its Answer to the Crossclaim as if fully set forth herein. King of Fans asserts the following defenses, affirmative or otherwise, in response to the allegations in the Crossclaim:

51. The Crossclaim fails to state a cause of action against King of Fans because it fails to allege a legal duty or the basis of a legal duty owed by King of Fans to Plaintiff or Air Vent, and King of Fans did not owe a legal duty to Plaintiff or Air Vent.

52. To the extent that Plaintiff or Air Vent made or sought to make unreasonable or unnecessary adjustments, modifications, or repairs to the property, or expended or seeks to expend unreasonable costs of sums in making such adjustments, modifications, or repairs, Plaintiff is not entitled to recover from King of Fans.

53. To the extent that the breaches of duty or the negligent or wrongful acts or omissions or information alleged by Plaintiff or Air Vent relate to duties or obligations not within the scope of King of Fans' services, King of Fans is not liable.

54. King of Fans is entitled to a set off for all amounts paid or payable by or on behalf of any other person or entity responsible for Plaintiff's or Air Vent's damages, if any, and for all amounts received by Plaintiff or Air Vent from collateral sources, including but not limited to insurance proceeds and settlements.

55. If Plaintiff or Air Vent were injured or damaged as alleged in the Crossclaim or otherwise, which is expressly denied, then the same such injuries and damages were caused or contributed to by their own negligent acts, omissions, or improper conduct, or by the improper conduct of others, which King of Fans had no control or right to control, and for which King of Fans is neither liable or responsible.

56. If Plaintiff or Air Vent were injured or damaged as alleged in the Crossclaim or otherwise, which is expressly denied, then the same such injuries and damages were caused in whole or in part by acts, omissions, conduct, or conditions over which King of Fans had no control and no right to control, and for which King of Fans is neither liable or responsible.

57. Plaintiff and/or Air Vent either failed to sustain any harm and/or damages and/or failed to mitigate any harm and/or damages that have been sustained, and Plaintiff's and Air Vent's claims are barred for failure to mitigate and/or recover damages from other responsible parties.

58. Some or all of Plaintiff's and/or Air Vent's claims may be barred by the doctrines of waiver, laches, estoppel, failure of consideration, fraud, illegality, release, unclean hands, election of remedies, justification, accord and satisfaction, and principals of equity.

59. Plaintiff's and/or Air Vent's damages, if any, were the result of intervening superseding causes for which King of Fans is not liable.

60. Plaintiff's and/or Air Vent's damages, if any, were caused by an act of God, and such damages are not recoverable from King of Fans.

61. King of Fans affirmatively alleges that any damages alleged by Plaintiffs and/or Air Vent are speculative, illusory, and not recoverable.

62. Plaintiff's and/or Air Vent's claims are barred in whole or in part by the terms, conditions, and exclusions of any and all applicable contracts, warranties, and/or insurance policies.

63. King of Fans specifically denies that it caused, contributed to, or is at fault for the alleged incident and damages, that it violated any duties, contract, and/or warranties, or that any service work that it performed was defective in any manner.

64. King of Fans affirmatively alleges that if Plaintiff and/or Air Vent were injured or damaged as set forth in the Crossclaim, said injuries or damages were the result of Plaintiff's and/or Air Vent's express or implied assumption of the risks, dangers, or hazards known by Plaintiff and/or Air Vent.

65. King of Fans affirmatively alleges that should Plaintiff and/or Air Vent recover a verdict against King of Fans, the right to which is denied herein, that King of Fans is entitled to deduct from any recovery obtained any collateral source payments paid or payable.

66. King of Fans specifically denies any negligence, breach of contract, breach of warranty, strict liability, breach of contract, illegal activity, fault, or other liability in this matter.

67. King of Fans asserts that it may have further and additional affirmative and other defenses the nature of which cannot be determined until King of Fans has an opportunity to engage in discovery. King of Fans therefore incorporates all affirmative

defenses stated or contemplated by the Florida Rules of Civil Procedure as if fully set forth herein and reserve the right to assert further affirmative or other defenses as discovery and investigation continue.

68. Plaintiff and/or Air Vent failed to perform reasonable, timely, and proper modifications, repairs, or maintenance to the property and is not entitled to recover any damages that it reasonably could have avoided under the doctrine of avoidable consequences and their duty to mitigate their damages.

69. Plaintiff and/or Air Vent is not entitled to recover damages for the costs of unreasonable or unnecessary alterations, modifications, or repairs to the property or for alterations, modifications, or repairs that constitute economic waste.

70. All or part of Plaintiff's and/or Air Vent's damages represent first cost or betterment, which Plaintiff and/or Air Vent are not entitled to recover from King of Fans.

71. King of Fans is not liable for any special damages not specifically pled in the Crossclaim.

72. Plaintiff and/or Air Vent are not entitled to pre-judgment interest on any sum not yet spent.

73. King of Fans specifically denies that it was negligent, careless, breached any contract, breached any warranty, and performed any improper work, or any culpable or wrongful conduct, whether arising in contract, tort, products liability, strict liability or by statute.

74. King of Fans specifically denies that it is at fault for, or caused or contributed to, any of the Plaintiff's, Air Vent's, or anyone else's, alleged losses or damages in this

matter. King of Fans also specifically denies that Plaintiff and/or Air Vent are entitled to attorney's fees, costs, or any other expenses or damages from King of Fans.

75. King of Fans alleges that even if it or any of its agents or employees were negligent, or otherwise at fault, which is expressly denied, such negligence or fault as may be found against King of Fans was not the direct cause of Plaintiff's and/or Air Vent's alleged injuries and/or damages.

76. King of Fans alleges that Plaintiff's and/or Air Vent's damages, if any, were caused by the negligence, breach of warranty, breach of contract or other fault of others over whom this answering Defendant had no control.

77. King of Fans alleges that Plaintiff and/or Air Vent failed to maintain, repair, operate, and inspect the property at issue thereby causing or contributing to the alleged damages.

78. King of Fans alleges that Plaintiff and/or Air Vent failed to give proper notice to King of Fans.

79. If Plaintiff and/or Air Vent sustained any injury or damages as alleged, the same were caused by and through the acts, omissions, and/or breaches of warranty of a third-party or persons, for whose conduct King of Fans is not legally responsible.

80. Plaintiff's and/or Air Vent's alleged injuries and damages were caused in whole or in part by their own negligence or contributory fault, such that any recovery should be reduced or barred.

81. To the extent that King of Fans had any obligations to Plaintiff and/or Air Vent, such obligations have been fully, completely, and properly performed in every respect.

82. Plaintiff and/or Air Vent failed to join all persons or parties necessary for a just adjudication of the controversy.

83. Plaintiff's and/or Air Vent's claims are barred or limited because the product or products in question were abused, misused, and/or were not being used in the manner or for the purpose intended, where not properly maintained, and/or were utilized in an unsafe manner.

84. Plaintiff's and/or Air Vent's claims are barred or limited in that the product(s) in question were substantially modified, substantially altered, and/or materially altered prior to the alleged incident, thereby barring recovery.

85. King of Fans did not design, manufacture, assemble, install, market, distribute, sell, and/or otherwise supply the alleged products that are the subject of this litigation.

86. If it is proven that the products were defective, then Plaintiff and/or Air Vent unreasonably proceeded to use a product they knew to be defective, and that conduct was the substantial contributing cause of Plaintiff's and/or Air Vent's alleged injury and/or damage.

87. The economic loss doctrine precludes or reduces recovery for Plaintiff's and/or Air Vent's alleged injuries.

88. If Plaintiff and/or Air Vent suffered damages as alleged, such damages were caused by the intervening and superseding conduct of a third party for whom King of Fans is not legally responsible.

89. Plaintiff and/or Air Vent failed to notify King of Fans of their potential claims and failed to notify King of Fans of the modification of the incident site giving rise to the

allegations against King of Fans and, therefore, Plaintiff's and/or Air Vent's claims may be barred, in whole or in part, by the doctrine of spoliation of evidence.

90. If Plaintiff and/or Air Vent were injured as alleged, which is specifically denied, it was due in whole or in part to Plaintiff's and/or Air Vent's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of their work and not due to any negligence or fault on the part of King of Fans nor any person or persons for whom King of Fans may be legally responsible.

91. Plaintiff and/or Air Vent were negligent and caused the alleged injuries. As such, their claims are barred or reduced by application of contributory negligence and/or comparative fault.

92. Plaintiff's and/or Air Vent's claims may be barred by any terms and conditions of sale for the alleged products.

93. King of Fans asserts all other affirmative defenses contemplated by the Florida Rules of Civil Procedure.

94. King of Fans reserves its right to assert additional affirmative defenses based on evidence disclosed during discovery or otherwise.

95. Plaintiff's and/or Air Vent's claims are barred by assumption of risk.

96. Plaintiff's and/or Air Vent's claims are barred due to its/their failure to strictly follow the plans, directions and/or specifications supplied by King of Fans and other Defendants.

97. Air Vent failed to warn Plaintiff and others of the dangers inherent with the use of the product with degree of intensity that would cause a reasonable person to exercise for his/her own safety the caution commensurate with the potential danger.

98. Plaintiff's and/or Air Vent's claims are barred due to its/their failure to comply with State and Federal statute, codes, regulations and other legal requirements for the manufacture, construction and installation of the product at issue.

**Prayer for Relief**

WHEREFORE, Defendant King of Fans, Inc., requests judgment of the Court as follows:

1. Dismissing Defendant Air Vent, Inc.'s Crossclaim with prejudice and on the merits;

2. Awarding Defendant King of Fans, Inc., its costs and disbursements incurred herein; and

3. Granting Defendant King of Fans, Inc., such other relief as the Court deems equitable and just.

Respectfully submitted,

**FISHER RUSHMER, P.A.**

DATED: February 12, 2019      BY:      */s/   C. Gene Shipley*
John E. Fisher (FL No. 0091677)
C. Gene Shipley (FL No. 130028)
390 N. Orange Avenue, Suite 2200
Orlando, FL 32801
P: (407) 843-2111
F: (407) 422-1080
jfisher@fisherlawfirm.com
gshipley@fisherlawfirm.com
*Local Counsel for Defendant King of Fans, Inc.*

and

**MEAGHER & GEER, P.L.L.P.**

Chad J. Stepan (MN No. 0279535)
(*Pro Hac Vice* Admission Pending)
David E. Bridges (MN No. 0397004)
(*Pro Hac Vice* Admission Pending)
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
P: (612) 338-0661
F: (612) 338-8384
cstepan@meagher.com
dbridges@meagher.com
*Counsel for Defendant King of Fans, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically.

**O'CONNOR & O'CONNOR, L.L.C.**
Dennis R. O'Connor, Esq.
FL Bar No. 376574
Derek J. Angell, Esq.
FL Bar No. 73449
800 N. Magnolia Avenue, Suite 1350
Orlando, FL 32803
doconnor@oconlaw.com
dangell@oconlaw.com
*Local Counsel for Plaintiff Castle Key Indemnity Company, a/s/o Evelyn and Timothy Baldon*

**WHITE AND WILLIAMS, L.L.P.**
Michael J. Ciamaichelo, Esq.
PA Bar No. 312719
(Admitted *Pro Hac Vice*)
1650 Market Street, Suite 1800
Philadelphia, PA 19103
ciamaichelom@whiteandwilliams.com
*Counsel for Plaintiff Castle Key Indemnity Company, a/s/o Evelyn and Timothy Baldon*

**HIGHTOWER, STRATTON, NOVIGROD, KANTOR**
Jonathan Rubin, Esq.
FL Bar No. 0644110
4770 Biscayne Boulevard, Suite 1200
Miami, FL 33137
mjaservice@hightowerlaw.com
*Counsel for Defendant Air Vent, Inc.*

DATED: February 12, 2019     BY:     */s/ C. Gene Shipley*
                                     C. Gene Shipley (FL No. 130028)